## HAWKINS *vs.* BOGGS.

[ASSUMPSIT FOR MONEY PAID BY MISTAKE.]

1. *What contracts not void as against public policy.*—In March, 1864, after the capture of Memphis by the United States forces and the retreat of the rebel army from Corinth, which events occurred in 1863, the insurrectionary forces did not hold such control over the citizens of the county of Lauderdale in this State, as to render contracts, between citizens of said county and citizens of Kentucky, for necessaries for the family or plantation, void, as against the public policy of the United States.

APPEAL from the Circuit Court of Lauderdale county. Tried before Hon. W. L. WHITLOCK.

The facts appear in the opinion.

E. A. O'NEAL, for appellant.
R. O. PICKETT, *contra.*

(No briefs came to the Reporter's hands.)

PETERS, J.—This is an action of assumpsit for money paid by mistake. There was a verdict and judgment for the appellee, Boggs, in the court below, for the sum of six hundred and fifty-two dollars and sixty-three cents, and

costs. From this judgment the appellant brings the case to this court by appeal, and here assigns for error the refusal of the court below to give the charges asked by the defendant in the court below.

From the bill of exceptions, it appears that the transaction out of which this suit arose, occurred in March, 1864. Mrs. Hawkins, a resident citizen of Lauderdale county in this State, sold two bales of cotton to Cherry & Co., who were resident citizens of Paducah in the State of Kentucky, and received in payment therefor a quantity of family supplies and some money in "greenbacks," or United States currency. In the transaction of the sale of the cotton Boggs was the agent of the firm of Cherry & Co. Boggs was also a citizen of Lauderdale county in this State. Mrs. Hawkins received payment for the cotton twice ; once from Cherry & Co., and then again from Boggs, not knowing at the time that she had already been paid. When the mistake was discovered, she refused to pay Boggs the money he had advanced, and he brought this suit to recover it, as money paid by mistake. The court was asked by the defendant to charge, that such a contract was void, as being opposed to the public policy. This the court refused, and the defendant below excepted.

It is a fact judicially known to this court, that in March, 1864, the county of Lauderdale in this State, was not a part of the enemy's country. After the retreat of the insurrectionary forces from Corinth in the State of Mississippi, and the capture of Memphis in the State of Tennessee, in 1863, the rebel authorities had only a predatory control in the counties of the State north of the Tennessee river. Such a control was not sufficient to impress upon the people of that portion of the State the disabilities of an actual insurrection. Neither the laws of war nor the public policy of the nation then forbid a contract between a citizen of Lauderdale county in this State, and citizens of the State of Kentucky, for family or plantation supplies, particularly when such trade was allowed under a military permit of the military authorities of the United States in the actual command of the territory in which the transac-

tion took place. There was no proof that Mrs. Hawkins was an alien enemy to the nation in fact; and the learned judge of the circuit court did not err in refusing to put her in that attitude without strong proof. Under the facts shown in this case, it was by no means a sufficient presumption of law that she was an alien enemy.

The action of the court below was without error. The judgment of the circuit court is therefore affirmed.